UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

_____

FLIGHT OPTIONS, LLC and
FLEXJET, LLC,
Plaintiffs,

v.                                                              Case No. 1:16-cv-00732

INTERNATIONAL BROTHERHOOD OF                OPINION & ORDER
TEAMSTERS, LOCAL 1108; INTERNATIONAL
BROTHERHOOD OF TEAMSTERS; and              [Resolving Doc. 14]
BROTHERHOOD OF
TEAMSTERS, AIRLINE DIVISION,
Defendants.

and
INTERNATIONAL BROTHERHOOD OF
TEAMSTERS, AIRLINE DIVISION, and
TEAMSTERS LOCAL UNION 1108,

           Counter-Plaintiffs,
v.
FLIGHT OPTIONS, LLC; FLEXJET, LLC;
ONESKY FLIGHT, LLC; and FLIGHT  OPTIONS
HOLDINGS I, INC.,
Counter-Defendants.

_____

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On May 3, 2016 Counter-Defendants Flight Options, et. al filed a motion for leave to conduct expedited discovery and to defer briefing on the union's motion to dismiss and responding to the union's counterclaims.[1] On May 6, 2016, Counter-Plaintiffs International Brotherhood of Teamsters ("Teamsters") filed opposition.[2]

For the reasons below, this Court **DENIES** the motion to conduct broad expedited discovery but allows Counter-Defendants to conduct one Rule 30(b)(6) deposition of an International Brotherhood of Teamsters representative with knowledge of how the integrated

_____

[1] Doc. 14.
[2] Doc. 15.

Case No.16-CV-732
Gwin, J.

seniority list was created. Further, the Court **ORDERS** both parties to file summaries by close of business May 10, 2016 not to exceed three pages explaining to this Court how seniority will be determined under the integrated seniority list that the Counter-Plaintiffs Teamsters et. al presented to Counter-Defendants Flight Options, et. al.

### Discussion

Federal Rule of Civil Procedure 26 provides this Court with wide discretion in governing discovery processes. Courts may allow parties to conduct expedited discovery in advance of a Rule 26(f) conference where the moving party establishes "good cause" for such discovery.[3]

Here, Counter-Plaintiffs' motion to dismiss challenges this court's subject matter jurisdiction over this case.[4] Counter-Defendants Flight Options argue that the Counter Plaintiffs' challenges to this court's jurisdiction relate to how the integrated seniority list was selected. This Court agrees that discovery as to this issue would likely come out eventually in this litigation and thus would not prejudice the Counter-Plaintiffs. However, this Court finds the scope of the Counter Defendants' requested expedited discovery too broad. Thus, this Court will allow the Counter-Defendants to conduct one expedited Rule 30(b)(6) deposition of a Teamsters representative to provide discovery related to the jurisdictional challenges made by the Teamsters.

Further, this Court orders the parties to submit briefing not to exceed three pages on the issue of how seniority will be determined under the integrated seniority list presented by the Teamsters.  In other words, how is seniority determined between unit employees of the two work groups?

---

[3] *Arista Records, LLC v. Does 1-15*, No. 2:07-CCV-450, 2007 WL 5254326, at *2 (S.D. Ohio May 17, 2007).
[4] Doc. 8.

2

Case No.16-CV-732
Gwin, J.

## Conclusion

For the reasons above, this Court **DENIES** the motion but allows Counter-Defendants to conduct one Rule 30(b)(6) deposition of an International Brotherhood of Teamsters representative with knowledge of how the integrated seniority list was created. Further, the Court **ORDERS** both parties to file summaries by close of business May 10, 2016 not to exceed three pages explaining to this Court how seniority will operate under the integrated seniority list that the Counter-Plaintiffs Teamsters et. al presented to Counter-Defendants Flight Options, et. al.

IT IS SO ORDERED.

Dated:  May 6, 2016                                         s/       James S. Gwin
                                                                    JAMES S. GWIN
                                                                    UNITED STATES DISTRICT JUDGE