UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

_____

FLIGHT OPTIONS, LLC and
FLEXJET, LLC,

      Plaintiffs and Counter-Defendants,

v.                                                                          No. 1:16-CV-00732

INTERNATIONAL BROTHERHOOD OF                    OPINION & ORDER
TEAMSTERS, LOCAL 1108; INTERNATIONAL        [Resolving Doc. 45]
BROTHERHOOD OF TEAMSTERS; and
BROTHERHOOD OF
TEAMSTERS, AIRLINE DIVISION,

      Defendants and Counter-Plaintiffs.
_____

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On April 22, 2016, Counter-Plaintiffs International Brotherhood of Teamsters et al. ("Pilots Union") filed a motion for preliminary injunction and temporary restraining order against Counter-Defendants Flight Options, et al. ("Carriers").[1] On May 25, 2016, this Court granted Pilots Union's preliminary injunction.[2] In granting Counter-Plaintiffs' counterclaim, the Court ordered Carriers to accept the integrated seniority list, rescind the voluntary separation package, and bargain in good faith with Counter-Plaintiffs.[3]

On June 8, 2016, Counter-Defendants Carriers filed an appeal from this Court's order to the Sixth Circuit Court of Appeals.[4] On September 14, 2016, Counter-Plaintiffs Pilots Union filed a motion for an injunction bond pending the court of appeal's decision on whether this Court properly issued the preliminary injunction.[5]

_____

[1] Doc. 10. Counter-Defendants opposed. Doc. 13. Counter-Plaintiffs replied Doc. 18.
[2] Doc. 33.
[3] Id. at 17.
[4] Doc. 40. Counter-Defendants' appeal is now pending before the Sixth Circuit.
[5] Doc. 45. The Pilots Union request bond out of caution because Carriers have argued on appeal that this Court erred by failing to set bond under Fed. R. Civ. P. 65(c) and the Norris-LaGuardia Act, 29 U.S.C. § 107(e). Doc. 45-1 at 1.

Case No.16-CV-732
Gwin, J.

On October 19, 2016, the Court asked that the parties file position papers on the

appropriate bond. The parties each filed proposals.[6] Counter-Plaintiffs Pilots Union requests that

bond be set at no more than $50,000.[7] Counter-Defendants Carriers request $150,000.[8]

"[T]he amount of a security bond rests in the sound discretion of the district court."[9]

Federal Rule of Civil Procedures 65(c) and the Norris-LaGuardia Act inform imposition of bond

in this case. Under the Federal Rules, "[t]he court may issue a preliminary injunction or a

temporary restraining order only if the movant gives security in an amount that the court

considers proper to pay the costs and damages sustained by any party found to have been

wrongfully enjoined or restrained."

The Norris-LaGuardia Act provides:

> No temporary restraining order or temporary injunction
> shall be issued except on condition that complainant shall first file
> an undertaking with adequate security in an amount to be fixed by
> the court sufficient to recompense those enjoined for any loss,
> expense, or damage caused by the improvident or erroneous
> issuance of such order or injunction, including all reasonable costs
> (together with a reasonable attorney's fee) and expense of defense
> against the order or against the granting of any injunctive relief
> sought in the same proceeding and subsequently denied by the
> court.[10]

The Carriers fail to present evidence of any expenses directly associated with the actions

the Court ordered Carriers to take in its preliminary injunction order. The Carriers do not allege

any losses associated with the order to bargain with the Union, and admit that any damages

arising from accepting the integrated seniority list "are too speculative . . . to provide a concrete

---

[6] Counter-Plaintiffs, Doc. 50. Counter-Defendants, Doc. 49.
[7] Doc. 50 at 1.
[8] Doc. 49 at 3.
[9] *Div. No. 1, Detroit, Bhd. of Locomotive Engineers v. Consol. Rail Corp.*, 844 F.2d 1218, 1226 (6th Cir. 1988) (citing *Roth v. Bank of Commonwealth*, 583 F.2d 527 (6th Cir. 1978); *Urbain v. Knapp Mfg. Co.*, 217 F.2d 810, 815 (6th Cir. 1954)).
[10] 29 U.S.C.A. § 107(e). The main distinction between Fed. Rule Civ. P. 26(c) and the Norris-LaGuardia Act is that the latter requires the Court to consider attorney fees in setting bond.

2

Case No.16-CV-732
Gwin, J.

amount."[11] The Carriers posit that rescinding the voluntary separation package cost them "approximately $50,000," but admit that they "cannot state an exact number" and provide no evidence for this estimate.[12] Without more support, the Court declines to include the speculative $50,000 loss in setting bond.

As for attorney fees and costs, the Carriers argue that they have spent $135,196.50 in defense of Pilots Union's preliminary injunction.[13] The Carriers seek an injunction bond, however, "of only $125,000 in combined attorney's fees and costs."[14] However, the Plaintiff Carriers filed this action seeking injunctive relief for the Carriers.  The Carriers do not well establish that the incurred attorney's fees resulted from the Union's responding effort to obtain injunctive relief. Although $125,000 seems somewhat high, Carriers' counsel has provided adequate billing records to support their request.[15]

Accordingly, bond is set at $125,000.


IT IS SO ORDERED.


Dated:  October 28, 2016                    s/        James S. Gwin
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE

---

[11] Doc. 49 at 4-5.
[12] Id.
[13] Doc. 49 at 5. This amount includes $134,576.00 in attorney fees and $620.50 for a copy of the preliminary injunction hearing transcript. Id. at 6-7.
[14] Id. at 7.
[15] See Doc. 49-1 (affidavit of Counter-Defendant Carriers' counsel); Doc. 49-3 (attorney billing records).